PACIFIC COAST BORAX CO. et al. v. AMERICAN POTASH & CHEMICAL CORPORATION.

No. P–115.

District Court, S. D. California, Central Division.

Oct. 13, 1934.

574

578

fringed by defendant. The first patent described a process for recovering potash (KCl) from alkaline deposits, the second a process for recovering borax ($Na_2B_4O_7$) from like deposits. The particular source of material intended to be worked on was the brine of Searles Lake in California, which holds in different proportions metallic and acid constituents.

The special master, to whom the case was referred, presented a remarkably well reasoned report which showed a thorough understanding of the facts. He held the claims of plaintiffs' patents valid but not infringed, and recommended dismissal of the bill of complaint with costs. To this report plaintiffs took a number of exceptions, the gist of them being that the master had erred in his interpretation of the patent claims, particularly that he construed too narrowly claim 1 of the first patent (No. 1,215,544) and claim 5 of the second patent (No. 1,215,-545).

I have devoted much time to a study of the case. I have re-examined the oral argument of counsel as recorded in the reporter's transcript and carefully considered the quite voluminous briefs filed. Plaintiffs have not questioned the findings of the master as to the facts in any great part.

After a study of the case on the record, a re-reading of the master's statement and conclusions convinces me that his work was well done. His analysis of the case shows not only knowledge of the applicable patent law, but of the chemical problems which he was called upon to deal with. At the end of my study I am convinced that I cannot improve upon the reasoning or conclusions of the master, or upon the clearness with which they are stated. To write an extended opinion traversing the same ground will not be of service to counsel for the parties or assist in improving the record in any way.

It is therefore ordered that the exceptions to the findings and conclusions of the special master be and they are overruled, and an exception is noted in favor of the plaintiffs. The master's findings and conclusions are adopted by the court, and a decree is ordered to be entered in accordance therewith.

A. W. Boyken, of San Francisco, Cal., and Raymond Ives Blakeslee, of Los Angeles, Cal., for plaintiffs.

Lyon & Lyon, of Los Angeles, Cal. (by Leonard S. Lyon and Richard Lyon, both of Los Angeles, Cal.), for defendant.

JAMES, District Judge.

Plaintiffs in their suit declared upon two patents which they claimed had been in-